**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/14/2023
CT Log Number 544287478

## Service of Process Transmittal Summary

**TO:**     Neal Rigsby
           HCA Inc.
           1 Park Plz Bldg 1-2W
           Nashville, TN 37203-6527

**RE:**     **Process Served in Florida**

**FOR:**    Medicredit, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CASEY RAASUMAA // To: Medicredit, Inc. |
| **CASE #:** | 23005746SC |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/14/2023 at 12:19 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2023, Expected Purge Date: 07/24/2023 |
| | Image SOP |
| | Email Notification, Carrie Jo Freeman  carrie.freeman@hcahealthcare.com |
| | Email Notification, Anne-Marie Lankford  annemarie.lankford@hcahealthcare.com |
| | Email Notification, Neal Rigsby  Neal.Rigsby@hcahealthcare.com |
| | Email Notification, Jessica Kent  jessica.kent@hcahealthcare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                       Fri, Jul 14, 2023
**Server Name:**                          Joseph Marker

| Entity Served | MEDICREDIT, INC. |
|---------------|------------------|
| Case Number | 23005746 |
| Jurisdiction | FL |

| Inserts | | |
|---------|--|--|
|  |  |  |



## COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
### REF: 23-005746-SC - North

CASEY RAASUMAA Vs. MEDICREDIT INC

**JUL 1 4 2023**

TO : DEFENDANT/DEFENDANT ATTORNEY
    MEDICREDIT INC
    C O CT CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

### SUMMONS/NOTICE TO APPEAR <u>REMOTELY</u> FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

### NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Tuesday, August 08, 2023 at 1:45 PM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

| To attend this meeting by video go to: | If you are unable to appear by video, call: |
|---|---|
| https://www.zoom.us/join | 1 786 635 1003  or  1 470 250 9358 |

### Meeting ID: 932 0288 4614 Passcode: 954422

**Instructions for Zoom hearings:**

- The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be admitted into the hearing.
- If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you will have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### <u>IMPORTANT - READ CAREFULLY</u>
### THIS CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES - APPEAR VIA ZOOM

    The defendant(s) *must* appear via zoom on the date specified in order to avoid a default judgment. The Plaintiff(s) *must* appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and prior court approval.

    Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Small Claims Deft Pre-Trial Notice                 Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court. This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 12 July, 2023.



Small Claims Deft Pre-Trial Notice          Page 2 of 2

KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:  23-005740

CASEY RAASUMAA,

     Plaintiff,

v.

MEDICREDIT, INC.,

     Defendant.

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

     **COMES NOW**, Plaintiff, **CASEY RAASUMAA** ("Ms. Raasumaa" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **MEDICREDIT, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

     1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), by misrepresenting the right to collect on such alleged debt after Defendant's knew it had been included in Ms. Raasumaa's bankruptcy case, and by continuing to directly contact Ms. Raasumaa after having actual knowledge that Ms. Raasumaa was represented by counsel with respect to the alleged debt.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Ms. Raasumaa, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9.      At all times material hereto, Defendant was and is a business with its principal place of business in the state of MO, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10.     Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11.     Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12.     Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### *Statements of Fact*

13.     Ms. Raasumaa received medical treatment from Defendant, which charges for such treatment opened a unique account under her name ("Account").

14.     Sometime thereafter, Ms. Raasumaa encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16.     The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17.     On February 28, 2023, Ms. Raasumaa filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court, Middle District of Florida, Case Number: 8:23-bk-00724-CPM ("Bankruptcy Case"). *See* **Exhibit A.**

18.     On or around May 26, 2023, Defendant was added to Ms. Raasumaa's Chapter 7 Bankruptcy Petition. *See* **Exhibit B.**

19.     Ms. Raasumaa's Petition also identified her counsel's name and contact information, which notified all of Ms. Raasumaa's creditors, including Defendant, that Ms. Raasumaa was represented by counsel with respect to all debts, including the Debt.

20.     On or around May 26, 2023, Defendant received notice of the Bankruptcy Case filing. *See* **Exhibit C.**

21.     On or around June 7, 2023, the Bankruptcy Case Court entered the Order of Discharge in the Bankruptcy Case, discharging Ms. Raasumaa of personal liability for all debts, including the Debt. *See* **Exhibit D.**

22.     After Defendant received notice that the Debt was included in the Bankruptcy Case and that Ms. Raasumaa was represented by counsel with respect to the Debt, Defendant continued to communicate directly with Ms. Raasumaa in attempts to collect the Debt.

23.     Indeed, Defendant has called Ms. Raasumaa's Cellular Telephone at least once since May 26, 2023.

24.     Defendant has called Ms. Raasumaa's Cellular Telephone from several different phone numbers, including but not limited to 800-823-2318.

25.     At no time was the alleged Debt ever reaffirmed in the Bankruptcy Case.

26.     All of Defendant's calls to Ms. Raasumaa's Cellular Telephone were placed in attempts to collect the alleged Debt.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

27.     Ms. Raasumaa re-alleges paragraphs 1-26 and incorporates the same herein by reference.

28.    Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a.    Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Ms. Raasumaa and that such Debt was legitimately collectable after Defendant had received notice that the alleged Debt had been included in Ms. Raasumaa's Bankruptcy Case.

    b.    Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Ms. Raasumaa after Defendant had actual knowledge that Ms. Raasumaa was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain Ms. Raasumaa's attorney's name and address.

29.    As a result of the above violations of the FCCPA, Ms. Raasumaa has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

30.    Defendant's actions have violated Ms. Raasumaa's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

31.    Defendant's actions have damaged Ms. Raasumaa by causing her stress.

32.    Defendant's actions have damaged Ms. Raasumaa by causing her anxiety.

33.    Defendant's actions have damaged Ms. Raasumaa by being an annoyance.

34.     Defendant's actions have damaged Ms. Raasumaa by causing her aggravation.

35.     It has been necessary for Ms. Raasumaa to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

36.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

      b.   Awarding actual damages;

      c.   Awarding costs and attorneys' fees;

      d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

      e.   Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

37.     Ms. Raasumaa re-alleges paragraphs 1-26 and incorporates the same herein by reference.

38.     Ms. Raasumaa is a "consumer" within the meaning of the FDCPA.

39.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

40.     Defendant is a "debt collector" within the meaning of the FDCPA.

41.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Debt Collector violated 15 U.S.C. § 1692c(a) by communicating directly with Ms. Raasumaa after Debt Collector knew Ms. Raasumaa was represented by an attorney with respect to the Debt, and had knowledge of, or could readily ascertain, such attorney's name and address.

b. Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Ms. Raasumaa and that the Debt was legitimately collectable when such Debt had been included in Ms. Raasumaa's Bankruptcy Case.

c. Debt Collector violated 15 U.S.C. § 1692e(5) by threatening to take action in connection with the collection of the Debt that cannot legally be taken because the Debt is not personally owed by Ms. Raasumaa and the Debt was not legally collectable as a result of the Automatic Stay .

d. Debt Collector violated 15 U.S.C. § 1692e(10) by falsely representing the legal status of the Debt as collectable.

e. Debt Collector violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Automatic Stay .

42.      As a result of the above violations of the FDCPA, Ms. Raasumaa has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

43.      Defendant's actions have violated Ms. Raasumaa's right to not be directly contacted while represented by an attorney with respect to the alleged Debt.

44.      Defendant's actions have damaged Ms. Raasumaa by causing her stress.

45.      Defendant's actions have damaged Ms. Raasumaa by causing her anxiety.

46.      Defendant's actions have damaged Ms. Raasumaaby being an annoyance.

47.      Defendant's actions have damaged Ms. Raasumaa by causing her aggravation.

48.      It has been necessary for Ms. Raasumaa to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

49.      All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

        a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

        b.  Awarding actual damages;

        c.  Awarding costs and attorneys' fees;

        d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **CASEY RAASUMAA**, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 8, 2023,**

_/s/ Kaelyn Diamond_
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
_Counsel for Plaintiff_

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

# EXHIBIT A

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Middle District of Florida

Case number (*if known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy   12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Casey<br>First name<br><br>Marie<br>Middle name<br><br>Raasumaa<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and doing business as names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | Casey Marie Raasumaa Rollins<br>Casey M Raasumaa Rollins<br>Casey  Raasumaa Rollins<br>Casey M Raasumaa<br>Casey  Raasumaa |  |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – ████<br>OR<br>9 xx – xx –____ ____ ____ ____ | xxx – xx –____ ____ ____ ____<br>OR<br>9 xx – xx –____ ____ ____ ____ |

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

# EXHIBIT B

**Fill in this information to identify your case:**

Debtor 1   Casey Marie Raasumaa
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  Middle District of Florida

Case number   8:23-bk-00724
(if know)

☐ Check if this is
an amended
filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**
   ☑ No. Go to Part 2.
   ☐ Yes.

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**
   ☐ No. You have nothing else to report in this part. Submit to the court with your other schedules.
   ☑ Yes. Fill in all of the information below.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | Apria Healthcare | Last 4 digits of account number  0583CAT211 | $ 182.13 |
|---|---|---|---|

Nonpriority Creditor's Name

When was the debt incurred?  12/2/2022

5471 West Waters Avenue
Number    Street
175

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Tampa FL    33634
City    State   ZIP Code

**Who owes the debt? Check one.**
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Medical Services

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor    Casey Marie Ragsume      Case number (if known) 8:23-bk-00724
First Name   Middle Name   Last Name

---

| 4.2 | **Express Scrupts Inc.** | | **$ 61.64** |
|---|---|---|---|

**Express Scrupts Inc.**
Nonpriority Creditor's Name

4600 North Hanley Road
Number   Street
St. Louis MO   63134-2715
City    State    ZIP Code

**Who owes the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number** 3721
**When was the debt incurred?** 12/1/2022

**As of the date you file, the claim is: Check all that apply.**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   Medical Services

---

| 4.3 | **Frisbee Memorial Hospital** | | **$ 180.50** |
|---|---|---|---|

**Frisbee Memorial Hospital**
Nonpriority Creditor's Name

11 Whitehall Road
Number   Street
Rochester NH   03867
City    State    ZIP Code

**Who owes the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number** 1688
**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply.**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify

---

| 4.4 | **Largo HCA Hospital** | | **$ 480.99** |
|---|---|---|---|

**Largo HCA Hospital**
Nonpriority Creditor's Name

201 14th Street SW
Number   Street
Largo FL   33770
City    State    ZIP Code

**Who owes the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number** 9092
**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply.**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   Medical Services

---

Debtor   Casey Marie Ragsdale                                   8:23-bk-00724
            First Name   Middle Name   Last Name                (Case number if known)

| | | | |
|---|---|---|---|
| **4.5** | Medicredit Incorporated | Last 4 digits of account number  2152 | $ **Unknown** |

Nonpriority Creditor's Name

When was the debt incurred? _____

111 Corporate Office Drive
Number        Street

Suite 200

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Earth City MO    63045-1506
City        State    ZIP Code

**Type of NONPRIORITY unsecured claim:**

**Who owes the debt? Check one.**
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Collection Agency

**Is the claim subject to offset?**
☑ No
☐ Yes

| | | | |
|---|---|---|---|
| **4.6** | Physician Partners of America | Last 4 digits of account number  0939 | $ 378.83 |

Nonpriority Creditor's Name

When was the debt incurred? 2/23/2022

PO Box 628758
Number        Street

Orlando FL    32862-8758
City        State    ZIP Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt? Check one.**
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Medical Services

**Is the claim subject to offset?**
☑ No
☐ Yes

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159. Add the amounts for each type of unsecured claim.

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 1** | **6a.** Domestic support obligations | 6a.  $ 0.00 |
| | **6b.** Taxes and certain other debts you owe the government | 6b.  $ 0.00 |
| | **6c.** Claims for death or personal injury while you were intoxicated | 6c.  $ 0.00 |
| | **6d. Other.** Add all other priority unsecured claims. Write that amount here. | 6d.  $ 0.00 |
| | **6e. Total.** Add lines 6a through 6d. | 6e.  $ 0.00 |

Case 8:23-cv-01761-CEH-AEP   Document 1-1   Filed 08/07/23   Page 20 of 66 PageID 24

Debtor    Casey Marie Rasmussen    Case 8:23-bk-00724-CPM    Doc 14    Filed 05/26/23    Page 14 of 14    8:23-bk-00724
          First Name    Middle Name    Last Name                                                        (if known)

|  |  |  | Total claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. | $ 0.00 |
|  | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
|  | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
|  | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 1,284.09 |
|  | 6j. **Total.** Add lines 6f through 6i. | 6j. | $ 1,284.09 |

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

CASEY MARIE RAASUMAA,                    Case Number: 8:23-bk-00724 -CPM
                                         Chapter 7

            Debtor(s).

_____/

## CERTIFICATE OF SERVICE

I hereby swear or affirm that a true and correct copy of the foregoing will be served upon the Court, the Trustee, the US Trustee, and all interested parties who are required to receive notice per the attached mailing matrix by the CM/ECF system or other authorized means as required by law. [#9] *Amended schedule E, F*

Respectfully submitted on this May 26, 2023.

*/s/ Jonathan R. Swinson*
Jonathan R. Swinson, Esq.
FBN: 0122256
Zeigler Diamond Law Firm
2561 Nursery Road, Ste A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Bankruptcy@attorneydebtfighers.com

**Fill in this information to identify your case:**

Debtor 1    Casey          Marie          Raasumaa
            First Name      Middle Name    Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Middle District of Florida

Case number   23-00724-CPM
(If known)

☑ Check if this is an
  amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes.   Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✖ /s/ Casey Marie Raasumaa                          ✖ _____
  Signature of Debtor 1                                Signature of Debtor 2

Date 05/09/2023                                      Date _____
     MM / DD / YYYY                                       MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1   Casey _____ Marie _____ Raasumaa _____
           First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name      Middle Name      Last Name

United States Bankruptcy Court for the: Middle District of Florida

Case number  23-00724
             (If known)

☑ Check if this is an
  amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  |  | Your assets<br>Value of what you own |
|---|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* | $ | 0.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* | $ | 4,859.27 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* | $ | 4,859.27 |

### Part 2:   Summarize Your Liabilities

|  |  | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* | $ | 0.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* | $ | 3,032.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* | + $ | 109,823.11 |
| **Your total liabilities** | $ | 112,855.11 |

### Part 3:   Summarize Your Income and Expenses

|  |  |  |
|---|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* | $ | 3,107.81 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* | $ | 3,007.28 |

Debtor 1  **Casey**          **Marie**         **Raasumaa**                    Case number (if known) 23-00724
     First Name   Middle Name   Last Name

---

**Part 4:**  **Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ Your debts are not primarily consumer debts. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.      $ __2,791.81__

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

|  | Total claim |
|---|---|
| From Part 4 on *Schedule E/F*, copy the following: | |
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 3,032.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ |
| 9d. Student loans. (Copy line 6f.) | $ 44,919.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ |
| 9g. **Total.** Add lines 9a through 9f. | $ 47,951.00 |

| Information to identify the case: | | |
|---|---|---|
| **Debtor 1:** | **Casey Marie Raasumaa**<br>First Name    Middle Name    Last Name | Social Security number or ITIN:   xxx–xx–███<br>EIN:   __–_____ |
| **Debtor 2:**<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN:   ____<br>EIN:   __–_____ |
| United States Bankruptcy Court:   Middle District of Florida | | Date case filed for chapter:       7      2/28/23 |
| Case number:    8:23–bk–00724–CPM | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline          10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Casey Marie Raasumaa | |
| 2. | **All other names used in the last 8 years** | aka Casey Raasumaa, aka Casey M Raasumaa, fka Casey M Raasumaa Rollins, fka Casey Marie Raasumaa Rollins, fka Casey Raasumaa Rollins | |
| 3. | **Address** | ███████████ | |
| 4. | **Debtor's attorney**<br>Name and address | Jonathan Swinson<br>Ziegler Diamond Law: Debt Fighters<br>2561 Nursery Road<br>Suite A<br>Clearwater, FL 33764 | Contact phone 727–538–4188<br><br>Email:  bankruptcy@attorneydebtfighters.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Traci K. Stevenson<br>P O Box 86690<br>Madeira Beach, FL 33738 | Contact phone 727–397–4838 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

For more information, see page 2 >

Debtor  **Casey Marie Raasumaa**                                                          Case number **8:23-bk-00724-CPM**

---

| | | |
|---|---|---|
| **6.** **Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Sam M. Gibbons United States Courthouse 801 North Florida Avenue, Suite 555 Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813-301-5162<br><br>Date: March 2, 2023 |

---

| | | |
|---|---|---|
| **7.** **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | April 5, 2023 at 09:10 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting will be held telephonically**<br><br>Trustee: Traci K. Stevenson<br>Call in number: 877–270–3069<br>Passcode: 3626700 |
| *** Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. *** |

---

| | |
|---|---|
| **8.** **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

---

| | | |
|---|---|---|
| **9.** **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: June 5, 2023** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

---

| | |
|---|---|
| **10.** **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

---

| | |
|---|---|
| **11.** **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

---

| | |
|---|---|
| **12.** **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

---

| | |
|---|---|
| **13.** **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1–866–222–8029. |

---

Label Matrix for local noticing
113A-8
Case 8:23-bk-00724-CPM
Middle District of Florida
Tampa
Fri May 26 15:00:12 EDT 2023

Advanced Dermatology
26344 US Highway 19 N
Clearwater, FL 33761-4505

Alīcare Medical Centers, P.C.
5860 Ranch Lake Blvd
Bradenton, FL 34202-3719

Bank Of America
Po Box 982238
El Paso, TX 79998-2238

Bank of America
400 Christiana Rd
Newark, DE 19702-3208

Bank of America
Attn: Bankruptcy
PO Box 982238
El Paso, TX 79998-2238

Bk Of Amer
400 Christiana Rd
Newark, DE 19702-3208

Comenity Bank/Lnbryant
Po Box 182789
Columbus, OH 43218-2789

Comenitybank/Victoria
Po Box 182789
Columbus, OH 43218-2789

Course of Healing, LLC
17 Glenwood Ave
Apt 24
Rochester, NH 03867-1431

Credit Management Lp
6080 Tennyson Pkwy Ste 1
Plano, TX 75024-6002

Dpt Ed/Aidv
P.O. Box 300001
Greenville, TX 75403-3001

Frisbee Memorial Hospital
11 Whitehall Road
Rochester, NH 03867-3297

HCA Envision Physician Services
5380 Tech Data Drive
Clearwater, FL 33760-3122

Internal Revenue Services
Attn: Bankruptcy
PO Box 7346
Philadelphia, PA 19101-7346

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Largo HCA Hospital
201 14th Street SW
Largo, FL 33770-3133

MediCredit Inc.
111 Corporate Office Drive, Suite 200
Earth City, MO 63045-1506

National Enterprise Systems, Inc.
29125 Solon Road
Solon, OH 44139-3442

Navient
Po Box 9655
Wilkes Barre, PA 18773-9655

(p)PHOENIX FINANCIAL SERVICES LLC
PO BOX 361450
INDIANAPOLIS IN 46236-1450

(p)PLANET FITNESS HEADQUARTERS
ATTN KIM MERRILL
4 LIBERTY LANE WEST
HAMPTON NH 03842-1704

Public Storage
14770 66th Street N
Clearwater, FL 33764-7217

Spectrum
400 Atlantic Street
Stamford, CT 06901-3512

Sunbeam Point Emergency Physicians
PO Box 38073
Philadelphia, PA 19101-0838

Syncb/Google
C/O Po Box 965022
Orlando, FL 32896-0001

Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

Synch/Tjx Cos Dc
Po Box 965015
Orlando, FL 32896-5015

Syncb/Tjxdc
PO Box 965035
Orlando, FL 32896-5035

Tampa Neuropsychiatry
603 S Boulevard Fl 2
Tampa, FL 33606-2629

Td Bank Usa/Targetcred
Po Box 673
Minneapolis, MN 55440-0673

Terry Raasumaa
6 3rd Street
Rochester, NH 03867-2830

Toyota Motor Credit Co
Po Box 9786
Cedar Rapids, IA 52409-0004

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Worcester Polytechnic
100 Institute Road
Worcester, MA 01609-2280

Casey Marie Raasumaa

Jonathan Swinson
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road
Suite A
Clearwater, FL 33764-1783

Traci K. Stevenson
P O Box 86690
Madeira Beach, FL 33738-6690

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jpmcb Card
Po Box 15369
Wilmington, DE 19850

Phoenix Financial Services
PO Box 361450
Indianapolis, IN 46236

Planet Fitness
4 Liberty Lane W
Hampton, NH 03842

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)AT&T Mobility

(d)MediCredit Incorporated
111 Corporate Office Drive, Suite 200
Earth City, MO 63045-1506

(d)Medicredit Incorporated
111 Corporate Office Drive, Suite 200
Earth City, MO 63045-1506

(d)Navient
Po Box 9655
Wilkes Barre, PA 18773-9655

End of Label Matrix
Mailable recipients    37
Bypassed recipients     4
Total                  41

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

# EXHIBIT D

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Casey Marie Raasumaa** | Social Security number or ITIN   xxx-xx-▮ |
| | First Name   Middle Name   Last Name | EIN __-_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN ____ |
| | | EIN __-_____ |
| United States Bankruptcy Court   Middle District of Florida | | |
| Case number:   8:23-bk-00724-CPM | | |

## Order of Discharge

12/15

IT IS ORDERED: A discharge under 11 U.S.C. § 727 is granted to:

Casey Marie Raasumaa
aka Casey Raasumaa, aka Casey M Raasumaa,
fka Casey M Raasumaa Rollins, fka Casey Marie
Raasumaa Rollins, fka Casey Raasumaa Rollins

*Catherine McEwen*

Dated: June 7, 2023

Catherine Peek McEwen
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ◆ debts that are domestic support obligations;

- ◆ debts for most student loans;

- ◆ debts for most taxes;

- ◆ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ◆ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ◆ some debts which the debtors did not properly list;

- ◆ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ◆ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

Official Form 318                    **Order of Discharge**                    page 2

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

CASEY RAASUMAA,

     Plaintiff,

v.

MEDICREDIT, INC.,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUESTS FOR
## ADMISSION TO DEFENDANT MEDICREDIT, INC.

    **COMES NOW**, Plaintiff, **CASEY RAASUMAA** ("Ms. Raasumaa" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MEDICREDIT, INC.**,

respond to the following Requests for Admission within 30 days after service hereof, in accordance

with Fla. R. Civ. P.§ 1.370.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **08** day of **July, 2023**:

1.  \_\_**X**\_\_ Electronic Mail/Electronic Service, \_\_**X**\_\_ Delivery, \_\_\_\_ US Mail, \_\_\_\_ Fax

Medicredit, Inc.
C/O C T CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.      Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.      Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.      Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.      Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied  or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

   5. A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

    a. State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

    b. For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

   6. Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

   7. The term "Relevant Time Period" refers to the time period from February 28, 2023 through the present date. All interrogatories and requests refer to the Relevant Time Period unless specifically stated otherwise.

   8. The term "Bankruptcy Case" refers to the United States Bankruptcy Court Middle District of Florida Case # 8:23-bk-00724-CPM.

9.      The term "Plaintiff's Cellular Telephone" refers to telephone number 727-***-8809.

10.     The acronym "FCCPA" refers to the Florida Consumer Collection Protection Act, Fla. Stat. § 559.72.

11.     The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

12.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

13.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

## II. PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT MEDICREDIT, INC.

1.      Admit that Plaintiff is a natural person.

2.      Admit that Plaintiff is not a business entity.

3.      Admit that You had and have no information suggesting that the Subject Account was a commercial or business account.

4.      Admit that the Subject Account was in default at the time it was sold to You.

5.      Admit that You were acting as a debt collector pursuant to the FDCPA when you communicated with Plaintiff regarding the Subject Account.

6.      Admit you receive communications at 111 Corporate Office Drive, Suite 200, Earth City MO 63045-1506.

7.      Admit that You received the document attached to Plaintiff's Statement of Claim as Exhibit "B."

8.      Admit that You received notice that the Bankruptcy Case had been filed on or around May 26, 2023.

9.      Admit that You communicated with Plaintiff in connection with the collection of a debt owed under the Subject Account after May 26, 2023.

10.     Admit that You placed at least one call to Plaintiff's Cellular Telephone after May 26, 2023.

11.     Admit that You placed at least one call to Plaintiff's Cellular Telephone after May 26, 2023 in connection with the collection of a debt owed under the Subject Account.

12.     Admit that all calls that you made to Plaintiff during the Relevant Time Period were sent in connection with the collection of a debt owed under the Subject Account.

13.     Admit that Your corporate policy and procedures provided no means for Plaintiff to remove her Cellular Telephone number from your phone number contact list.

14.     Admit that You have at least one recording from during the Relevant Time Period related to the Subject Account.

15.     Admit that You have more than one recording from during the Relevant Time Period related to the Subject Account.

16.     Admit that You have no corporate policies or procedures in place to avoid the violations at issue in this lawsuit.

17.     Admit that You violated the FDCPA.

18.     Admit that You violated the FCCPA.

.

DATED **July 8, 2023:**

> */s/ Kaelyn Diamond*
> Kaelyn Diamond, Esq.
> Florida Bar No. 125132
> kaelyn@attorneydebtfighters.com
> service@attorneydebtfighters.com
> Ziegler Diamond Law: Debt Fighters
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> *Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Filing # 176972397 E-Filed 07/08/2023 03:49:25 PM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

**CASEY RAASUMAA,**

      **Plaintiff,**

v.

**MEDICREDIT, INC.,**

      **Defendant.**

_____/

## PLAINTIFF'S FIRST REQUESTS FOR
## PRODUCTION TO DEFENDANT MEDICREDIT, INC.

    **COMES NOW**, Plaintiff, **CASEY RAASUMAA** ("Ms. Raasumaa" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MEDICREDIT, INC.,**

respond to the following Requests for Production within 30 days after service hereof, in accordance

with Fla. R. Civ. P.§ 1.350.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **08** day of **July, 2023**:

1.        __X__ Electronic Mail/Electronic Service, __X__ Delivery, ____ US Mail, ____ Fax

Medicredit, Inc.
C/O C T CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

_/s/ Kaelyn Diamond_
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.        Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.        Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.        Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.        Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied  or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

  5.   A request to "identify" a document is a request to state (insofar as may be applicable):

    a.  The date of such document.

    b.  The type of document or written communication it is.

    c.  The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

    d.  The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

    e.  The present location of such document.

    f.  The name and present address of the person now having custody of the document.

    g.  Whether You possess or control the original or a copy thereof and if so, the:

      i.  location and name of the custodian of such original or copy;

      ii.  a brief description of the contents of such document.

  6.   A request to "describe" any oral statement or communication is a request to state:

    a.  The name and present address of each individual making such statement or communication.

b.   The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c.   The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d.   The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e.   The place where such oral statement or communication was made.

f.   A brief description of the contents of such oral statement or communication.

7.     A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.     The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.     Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a.   His/her full name.

b.   His/her employer and position at the time.

c.   The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

    d.  His/her last known address, telephone number, and employer.

    e.  His/her present employer.

10.    A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

    a.  State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

    b.  For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.    Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.    The term "Relevant Time Period" refers to the time period from February 28, 2023 through the present date. All interrogatories and requests refer to the Relevant Time Period unless specifically stated otherwise.

13.    The term "Bankruptcy Case" refers to the United States Bankruptcy Court Middle District of Florida Case # 8:23-bk-00724-CPM.

14.    The term "Plaintiff's Cellular Telephone" refers to telephone number 727-***-8809.

15.    The acronym "FCCPA" refers to the Florida Consumer Collection Protection Act, Fla. Stat. § 559.72.

16.     The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

17.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

18.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

## II. PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT MEDICREDIT, INC.

1.      All documents utilized or referred to in preparing Your responses to any Interrogatories or Requests for Admission served on You in this lawsuit.

2.      Any and all documents, recordings, or electronic data contained in the Subject Account file, including, but not limited to: all account notes, system-generated activity, and payment history. This Request seeks information regarding, but not limited to, the Bankruptcy Case.

3.      Produce all nonprivileged documents in Your possession that mention, discuss, or reference this lawsuit or the Bankruptcy Case.

4.      Your complete records (typewritten, handwritten, and computer-generated) of Your attempts to collect an alleged balance owed under the Subject Account including, but not limited to: all records of: (i.) all calls placed or text messages sent to all phone numbers associated with the Subject Account, (ii.) all e-mails sent to all email addresses associated with the Subject Account, and (iii.) all letters sent to all addresses associated with the Subject Account.

5.      All statements obtained by You from Plaintiff.

6.      Your call log or dialer records of all calls related to the Subject Account (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account).

7.      Any documents which contain Plaintiff's name, phone numbers, or e-mail addresses which were referenced in an attempt to collect on any alleged balance owed under the Subject Account.

8.      Any and all audio recordings of any and all phone calls (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account), interviews, meetings and/or discussions related to the Subject Account. Produce these as they are kept in the usual course of business. If this information is electronically stored, please produce in mp3 format and send via email or weblink to counsel of

record for Plaintiff in this lawsuit, or produce on CD, DVD, or USB memory drive and send via certified mail to counsel of record for Plaintiff in this lawsuit.

9.      Copies of each and every document that You intend to use or seek to introduce as evidence at summary judgment or trial in this lawsuit.

10.     All complete debt collection training records, including, but not limited to, any disciplinary history of all natural persons who attempted to collect an alleged balance owed under the Subject Account.

11.     All form e-mails, letters, text messages, or telephone scripts that You used or relied upon when communicating with Plaintiff regarding the Subject Account.

12.     All policies or procedures which You contend support any bona fide error defense that You are raising.

13.     Documents evidencing your policies and procedures for documenting telephone calls, emails, letters, and/or conversations with individuals contacted by You regarding the Subject Account during the Relevant Time Period.

14.     Documents You used to comply with Fla. Stat. §§ 559.72 (9) and (18) of the FCCPA during **each year** of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

15.     A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FCCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FCCPA, Fla. Stat. §§ 559.72 (9) and (18) during **each year** of the Relevant Time Period.

16.     A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FCCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FCCPA, Fla. Stat. §§ 559.72 (9) and (18) during **each year** of the Relevant Time Period.

17.    Documents You used to comply with 15 U.S.C. §§ 1692c(a), 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1) of the FDCPA during each year of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

18.    A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. §§ 1692c(a), 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1) during each year of the Relevant Time Period.

19.    A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. §§ 1692c(a), 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1) during each year of the Relevant Time Period.

20.    Documents evidencing any contract or agreement between Plaintiff and You concerning the Subject Account in effect during the Relevant Time Period.

21.    Produce all Documents identifying, relating to, or regarding all contracts or agreements between You and any person (including, but limited to, any and all subservicers, servicers, or any other business entity) that communicated with Plaintiff or any third parties on Your behalf in connection with the collection of any alleged balance owed under the Subject Account during the Relevant Time Period. This Request seeks information regarding, but not limited to, any letter, email, scrubbing, or other vendor(s) used with respect to the Subject Account.

22.    Any insurance policies, declaration pages, indemnification agreements, or other contracts You have that may cover the violations alleged in this lawsuit.

23.    Documents, in effect during the Relevant Time Period describing Your retention policy concerning saving tape recordings that are the subject of legal complaints filed against You.

24.    Documents, in effect during the Relevant Time Period describing Your retention policy concerning documents and data.

25.     All documents that support the factual basis of Your denial of any of the allegations alleged in Plaintiff's Complaint.

26.     All documents that support the factual basis of any Affirmative Defense asserted by You in Your Answer and Affirmative Defenses.

27.     A log of any and all documents or data that You contend may have been destroyed regarding the Plaintiff or the Subject Account. Include in the log a description of the document or data, the date of destruction, and the party responsible.

28.     All documents or information regarding the Subject Account that was sent to any credit reporting agency, or to any vendor, that was used to furnish information to the credit reporting agencies or was otherwise used in connection with the Subject Account.

29.     Any and all transcripts of depositions taken of any corporate representative of Your company in the past 5 years.

30.     Produce a privilege log of any documents or communications withheld from production.

31.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FCCPA, §§ 559.72 (9) and (18) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

32.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FDCPA, 15 U.S.C. §§ 1692c(a), 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was

filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

DATED **July 8, 2023:**

_/s/ Kaelyn Diamond_
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
_Counsel for Plaintiff_

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:  23-005746-SC

CASEY RAASUMAA,

       Plaintiff,

v.

MEDICREDIT, INC.,

       Defendant.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT MEDICREDIT, INC.

       **COMES NOW**, Plaintiff, **CASEY RAASUMAA** ("Ms. Raasumaa" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MEDICREDIT, INC.,**

respond to the following Interrogatories within 30 days after service hereof, in accordance with

Fla. R. Civ. P.§ 1.340.


       **[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served, but not filed, as follows on the **13** day of **July, 2023**:

1.       ____ Electronic Mail/Electronic Service, __**X**__ Delivery, ____ US Mail, ____ Fax

Medicredit, Inc.
C/O C T CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.       Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.       Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.       Each request and interrogatory is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.       Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.      A request to "identify" a document is a request to state (insofar as may be applicable):

a.      The date of such document.

b.      The type of document or written communication it is.

c.      The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

d.      The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

e.      The present location of such document.

f.      The name and present address of the person now having custody of the document.

g.      Whether You possess or control the original or a copy thereof and if so, the:

i.   location and name of the custodian of such original or copy;

ii.  a brief description of the contents of such document.

6.      A request to "describe" any oral statement or communication is a request to state:

a.      The name and present address of each individual making such statement or communication.

b. The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c. The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d. The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e. The place where such oral statement or communication was made.

f. A brief description of the contents of such oral statement or communication.

7. A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8. The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9. Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a. His/her full name.

b. His/her employer and position at the time.

c. The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

     d.     His/her last known address, telephone number, and employer.

     e.     His/her present employer.

10.     A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

     a.     State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

     b.     For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.     Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.     A request in any of the enclosed interrogatories to "identify" any document is a request to attach said document to answers to these interrogatories. If documents are attached to answers to these interrogatories, they must be marked to identify which interrogatory they refer to. In identifying documents You are also requested to produce, You need to supply only so much of the requested information as is not readily apparent from the face of the document.

13.     The term "Relevant Time Period" refers to the time period from February 28, 2023 through the present date. All interrogatories and requests refer to the Relevant Time Period unless specifically stated otherwise.

14.     The term "Bankruptcy Case" refers to the United States Bankruptcy Court Middle District of Florida Case # 8:23-bk-00724-CPM.

15.     The term "Plaintiff's Cellular Telephone" refers to telephone number 727-***-8809.

16.     The acronym "FCCPA" refers to the Florida Consumer Collection Protection Act, Fla. Stat. § 559.72.

*17.*     The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

18.     If an answer to an interrogatory requires space beyond what is provided, please continue Your answer on additional paper, providing the question and the additional page number (e.g. "Interrogatory 3, page 2").

19.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

20.     Assume all interrogatories and discovery requests seek information from the time period during which You maintain(ed) the Subject Account and attempted to collect any balance owed under the Account.

21.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

## II. PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT MEDICREDIT, INC.

1.      State the name, address, employer, the position of employment, and the telephone number of every person who assisted in the preparation of the answers to these interrogatories.

**ANSWER:**

2.      State whether You have ever been involved in any previous FCCPA or FDCPA litigation anywhere in the United States in the past five (5) years, and if Your answer is in the affirmative, please state the date litigation was commenced and resolved (if applicable), parties, jurisdiction, venue, case number, synopsis of the case, and detailed description of the resolution thereof.

**ANSWER:**

3.      Identify any servicer, sub-servicer, forwarder, intermediary, or third parties who conducted activity on the Subject Account, including, but not limited to engaging in the communications at issue in this lawsuit. Please identify the date of the activity by each entity, and the nature of the activity.

**ANSWER:**

4.      Identify each individual who spoke with the Plaintiff or any persons besides the Plaintiff regarding the Subject Account on Your behalf, including, in addition to the itemized information included in the definitions enclosed with these Plaintiff's First Interrogatories, that individual's first, middle, and last name, that individual's position at the time of speaking with Plaintiff or any other persons besides the plaintiff regarding the Subject Account, the last two known addresses of that individual, the last known personal phone number of that individual, and employer of the individual who spoke with the Plaintiff. Please identify the date and time of each conversation between that individual and Plaintiff or any persons besides the Plaintiff regarding the Subject Account.

**ANSWER:**

5.      State whether or not written, recorded or oral statements have been obtained from any persons relating to the facts or circumstances surrounding the occurrence mentioned in the Complaint.  If so, state the name, address, employer, and job title of the person presently having control, custody or being present for such statements.

**ANSWER**:

6.      State the number of calls that you placed to Plaintiff's Cellular Telephone during the Relevant Time Period. For each call identified by You in response to this Interrogatory, describe Your reason or purpose for calling Plaintiff.

**ANSWER**:

7.      Identify and state the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the Subject Account or Your collection efforts related to the Subject Account.

**ANSWER**:

8.      Identify the account numbers of all accounts You have that relate to the instant lawsuit in any way, and identify the primary and any secondary account obligor.

**ANSWER**:

9.      Identify the date on which You received notice of the Bankruptcy Case filing.

**ANSWER**:

10.     During the Relevant Time Period, who owned the debt in this dispute? If You do not own the debt, then, in that case, who assigned You to collect in the debt and when were You assigned the debt?

**ANSWER**:

11.     Describe any formal or informal agreements in which any entity may be responsible to pay any verdict, award, or settlement of any defendant in this action.  This interrogatory seeks identification and description of any agreements between You and any applicable liability insurance provider, identifying the name of the liability insurance provider, the policy number, the claim number with respect to this occurrence (if applicable), policy limits, the Declaration Page, the insurance adjuster's name and contact information, and the name and address of the custodian of the policy.

**ANSWER**:

12.     Identify the name and address of each and every third party You communicated with or shared information with regarding Plaintiff, the Debt, as defined in the Complaint, and/or the Subject Account.

**ANSWER**:

13.    Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's operative Complaint, your answer, and affirmative defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred. The request for identification of trial testimony is limited to testimony given relating to any claims concerning compliance with the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), on behalf of the party responding to this Interrogatory. This interrogatory is further limited to testimony given within the preceding five years.

**ANSWER**:

## VERIFICATION PAGE

I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: _____

_____
Signature

_____
Print name

_____
Title

State of _____

County of _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or  ☐  online  notarization,  this  \_\_\_\_  day  of  _____,  202\_\_,  by _____ (name of officer or agent, title of officer or agent) of _____ (name of corporation acknowledging), a _____ (state or place of incorporation) corporation, on behalf of the corporation. He/she is \_\_\_\_\_ personally known, or \_\_\_\_\_ produced _____, as identification.

_____
NOTARY PUBLIC
Printed Name: _____
Commission Expires: _____

DATED **July 13, 2023:**

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:  23-005746-SC

CASEY RAASUMAA,

      Plaintiff,

v.

MEDICREDIT, INC.,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO DEFENDANT

      COMES NOW, Plaintiff, CASEY RAASUMAA ("Ms. Raasumaa" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby gives notice of service of its First Set of Interrogatories upon Defendant, MEDICREDIT, INC., to be answered under oath and in writing pursuant to Rule 1.340.

      DATED this  **July 13, 2023:**

                              */s/ Kaelyn Diamond*_____
                              Kaelyn Diamond, Esq.
                              Florida Bar No. 125132
                              kaelyn@attorneydebtfighters.com
                              service@attorneydebtfighters.com
                              Ziegler Diamond Law: Debt Fighters
                              2561 Nursery Road, Suite A
                              Clearwater, FL 33764
                              (p) (727) 538-4188
                              (f) (727) 362-4778
                              *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **13** day of

**July, 2023**:

1.     __X__ Electronic Mail/Electronic Service, __X__ Delivery, ____ US Mail, ____ Fax

Medicredit, Inc.
C/O C T CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

_/s/ Kaelyn Diamond_
Kaelyn Diamond, Esq.
Florida Bar No. 125132